Gustaf Johnson, et al.
        vs.                      } Eq. No. 352
Luigi D'Ambrosco, et ux.

November 25, 1927

TANNER, P. J. Complainants allege that the respondent Luigi D'Ambrosco sold a grocery store to John F. Mackin, Roy F. Johnson and Eric M. Larson; that part of the consideration for said sale was a promissory note payable to the respondents, signed by the said Mackin, Johnson and Larson; that at the request of the respondents the complainants executed and delivered to the respondent D'Ambrosco a mortgage deed of real estate belonging to said complainants; that no consideration passed to these complainants for the making of said mortgage, and that, therefore, the mortgage is void.

The complainants seek to have said mortgage declared void.

It appeared in evidence that said Mackin, Johnson and Larson, who bought said grocery store, paid one-half of the price in cash, but that the respondent Luigi D'Ambrosco required, as a condition of the sale, that the complainants should execute a mortgage to secure $1000, the balance of the purchase price of said store.

Contradictory testimony was given as to the relative times when the mortgage and the mortgage note were delivered as compared with the time when the bill of sale and possession of the store were delivered.

It appears to us to be immaterial to determine, if we could, this issue. It is very evident and it is clearly shown by the testimony that it was a condition of the sale that said mortgage should be given and that the complainants fully understood and intended to make such mortgage as security for the payment of the balance of the purchase price. It is therefore clear, upon well known principles, that there was a sufficient consideration passing to the complainants, since it was necessary to the completion of the sale of the grocery store to their sons that this mortgage should be given. Even if the keys to the store and the bill of sale had been delivered before the making of the note, it is nevertheless well understood that it was a part of the same transaction, and if it had not been given, the sale could have been repudiated by the respondents.

It appears that the mortgage note described in the mortgage as having been given by the mortgagors was not in fact signed by them, but was signed by the three young men who bought the grocery store. From the testimony of Attorney Pettine, we should judge that it was intended that the note should have been signed by the complainants and that the omission to sign it was a mistake. The issue is not raised directly by the allegations of the bill, but we think that under the authorities the mortgage was

valid notwithstanding this mistake. It is clearly proven that the mortgage was intended to be given to secure the payment of the $1000 balance of the purchase money. However, whatever the effect of the mistake may have been as to subsequent encumbrances, we believe that between the parties the mortgage is valid.

"A deed of trust or mortgage is valid without any note or bond although it purports to secure a note or bond and substantially describes it."

Jones on Mortgages, Sec. 353 and cases cited.

The cases cited by the complainants to show that there was no consideration for the mortgage are cases where the debt has accrued some time before the giving of the mortgage and entirely independent of it. In the present case, however, it is clear that the contracting of the debt and the giving of the mortgage as security therefor were all one transaction.

It seems to be sufficient if there exists a debt which is intended to be secured by the mortgage.

We think, therefore, that the bill must be dismissed.

For complainants: Quinn, Kernan & Quinn.

For respondents: Pettine, Godfrey & Cambio.